# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRALL FARROW CANNON, CDCR #T-91710,<br><br>Plaintiff,<br><br>vs.<br><br>KNIGHTS OF THE KU KLUX KLAN, et al.,<br><br>Defendants. | Civil No.   08-0834 L (JMA)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 3]**<br><br>**AND**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a)** |

Tyrall Farrow Cannon ("Plaintiff"), a California prisoner currently incarcerated at Ironwood State Prison in Blythe, California and proceeding pro se,[1] has filed a civil action pursuant to 42 U.S.C. § 1985 and several other unrelated federal statutes alleging he is the victim of various "communist conspiracies." (Compl. at 1.)

On June 5, 2008, the Court dismissed the action because Plaintiff had not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a), nor had he submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. However, Plaintiff

---

[1] Plaintiff's current California Department of Corrections and Rehabilitation ("CDCR") prisoner identification number is T-91710. The Court has confirmed with the CDCR's ID Warrants Unit that Plaintiff was previously identified as CDC #H-53816.

was granted 45 days leave in which to prepay the $350 filing fee, or request IFP status. *See* June 5, 2008 Order at 2.

On July 1, 2008, Plaintiff filed the Motion to Proceed IFP [Doc. No. 3], to which the Court now turns.

**I.     MOTION TO PROCEED IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (Under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such [a] dismissal as [a] denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, __ F.3d __, 2008 WL 2718868 at *6 (9th Cir. 2008).

Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is under "imminent danger of

1  serious physical injury." 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting
2  § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner
3  faced 'imminent danger of serious physical injury' at the time of filing.").

4        While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his
5  request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket
6  records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under
7  § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g),
8  however, the court must "conduct a careful evaluation of the order dismissing an action, and
9  other relevant information," before determining that the action "was dismissed because it was
10 frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a
11 strike under § 1915(g)." *Id.* at 1121.

12       The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be
13 granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure
14 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews*
15 further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or
16 importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also*
17 *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual
18 allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an
19 arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint,
20 embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A
21 case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d
22 at 1121 (quotation and citation omitted).

23     **II.   APPLICATION OF 28 U.S.C. § 1915(g)**

24       The Court notes as an initial matter that while Plaintiff's claims are practically impossible
25 to decipher, it has carefully reviewed the Complaint and has ascertained that it makes no
26 "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury'
27 at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Therefore,
28 Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had

civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice that Plaintiff, Tyrall Farrow Cannon, currently identified as CDCR inmate #T-91710, and previously identified as California inmate #H-53816, has had more than three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. They are:

1)  *Cannon v. Dept. of Corrections, et al,*, Civil Case No. 94-6199-REC-WMW (E.D. Cal. May 24, 1995) (Order adopting Report & Recommendation to dismiss case pursuant to 28 U.S.C. § 1915(d) (re-codified as 28 U.S.C. § 1915(e)(2)) [Doc. No. 18]), *aff'd* , 98 F.3d 1345, 1996 WL 583656 (9th Cir. 1996) (strike one);

2)  *Cannon v. Lockwood, et al.*, 100 F.3d 961, 1996 WL 616268 at *1 (9th Cir. 1996) (No. 96-15073) (dismissing appeal of E.D. Cal. Civil Case No. 95-05588-OWW pursuant to 28 U.S.C. § 1915(e)(2) "as frivolous.") (strike two);

3)  *Cannon v. Stevenson, et al.*, Civil Case No. 00-00350-UA (C. D. Cal. Jan. 28, 2000) (Order adopting recommendation to deny application to proceed IFP and dismiss case as "legally and/or patently frivolous." [Doc . No. 2]) (strike three); and

4)  *Cannon v. CDC, et al.*, Civil Case No. 05-00046-MCE-DAD, 2005 WL 2086066 at *3-4 (E.D. Cal. Aug. 29, 2005) (Findings and Recommendations to deny motion to proceed IFP and dismiss action for "fail[ing] to state a civil rights claim upon which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2) [Doc. No. 14]) (unpub.), and 2005 WL 2400937

/ / /

/ / /

(E.D. Cal. Sept. 28, 2005) (Order adopting Aug. 29, 2005 Findings & Recommendations and dismissing case) [Doc. No. 18] (unpub.) (strike four).[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and fails to make a "plausible allegation" that he is under imminent danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.  CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* as barred by 28 U.S.C. § 1915(g) [Doc. No. 3], and **DISMISSES** this action without prejudice pursuant to 28 U.S.C. § 1914(a) for failing to prepay the $350 filing fee. Plaintiff is hereby notified that he may no longer proceed IFP in any federal district or appellate court pursuant to 28 U.S.C. § 1915(a) while he is incarcerated unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 14, 2008

_____
M. James Lorenz
United States District Court Judge

---

[2] In addition to these cases, Plaintiff has filed many more in the Northern, Eastern and Central Districts of California. Several of these may constitute additional strikes against him; however, this Court does not base its denial of IFP on these cases because they are not yet final. Moreover, the Court does note that Plaintiff has not limited his filings to the California district courts: he has also been barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g) in the District of Arizona as well as in the Middle District of Tennessee. *See Cannon v. State of California*, Civil Case No. 08-00148 (M. D. Tenn.) (Orders dated Feb. 13, 2008 [Doc. Nos. 2, 4]); and *Cannon v. Senate Leadership Office of the President of the Senate, et al.*, Civil Case No. 07-00878-NVW-MHB (D. Ariz. July 30, 2007) (Order denying Motion for Leave to Proceed IFP pursuant to 28 U.S.C. § 1915(g) and dismissing complaint and action without prejudice) [Doc. No. 5].

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28